JORGE LUIS CÓRDOVA ET AL., Appellants, *v.* THE REGISTRAR OF PROPERTY OF GUAYAMA, *Respondent.*

No. 1393. Decided December 20, 1961.

*Domínguez y Domínguez* for appellants. The respondent registrar sent to the Supreme Court the document presented in the registry by appellants with his note of refusal.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

## ORDER

On March 16, 1961 appellants filed an application with the Registrar of Property of Guayama for the cancellation of a mention of the right of surviving spouse's usufruct made in favor of Carmen Flores on July 1, 1943, in connection with four rural properties situated in the ward of Caonillas of Aibonito. The cancellation sought was denied on the ground that § 388-A of the Mortgage Law, 30 L.P.R.A. § 703, was not applicable to a *mention* of the right of usufruct of the surviving spouse and that there existed an entry of cancellation of the *right* of usufruct by waiver thereof characterized as a gift.[1]

---

[1] The decision denying cancellation reads as follows:

"The cancellation sought by this document is denied by marginal note made in the first entry of property No. 3337 at folio 193 reverse, Vol. 66 of Aibonito, on the ground that there exists an entry of cancellation of the right of usufruct referred to in that document by waiver thereof, characterized as gift, pursuant to § 1 of Act No. 303 of April 12, 1946 (Sess. Laws, p. 782), as amended, without having submitted a receipt establishing the payment of the gift tax or the exemption, as the case may be, pursuant to § 12 of that Act, as amended; and considering further

 As stated in *Llinás* v. *Registrar of Ponce*, 33 P.R.R. 885 (1925), the legislative intention in enacting the article *supra* was to extinguish all those mentions—among them those of property rights—in order that by the lapse of specific terms—in the case of property rights, 10 years since the mention was made—the defects which may exist in the titles may disappear, in order "to give stability to titles and prevent and put an end to litigation." And in *Hernández* v. *Registrar*, 54 P.R.R. 656 (1939), we said that since the provision was remedial in nature, it should be liberally construed. *Olivero* v. *Registrar*, 50 P.R.R. 637 (1936) ; *Alejandro* v. *Registrar*, 50 P.R.R. 633 (1936). This interpretation is applicable whether the mentions are express or de officio. *Comunidad Religiosa* v. *Reyes*, 63 P.R.R. 473 (1944). The provisions of § 388-A(*a*) are clearly applicable to the mention of the right of usufruct of a widowed spouse made at the time of recording the property in favor of the heirs. The premises for extinguishment of the right mentioned in §§ 761 and 765 of the Civil Code, 31 L.P.R.A. §§ 2411 and 2415—death of the usufructuary and conventional liquida-

that § 388-A is not applicable to the cancellation of the mention in question, in view of the provisions of §§ 735 and 761 of the Civil Code, according to which the surviving spouse's usufruct constitutes the legal portion of the widower or widow of a variable or fixed quota, depending on the number of heirs concurring in the inheritance, testate as well intestate, the separation of the naked ownership taking place with the consequent detraction of the usufruct until by the death of the spouse usufructuary the title is vested in the heir, as provided in § 761 *supra;* and having examined the provisions of § 765 of the same Code authorizing the payment by the heirs to the spouse owner of the usufruct in the manner therein provided and the extinguishment of the usufruct by such payment, in default of which the usufruct becomes a lien on all the properties of the inheritance, without such payment or the death of the spouse concerned having been established; and upon examination further of § 441 of that Code providing the manners in which the usufruct is extinguished in general, none of which has been established and much less the manner of prescription which in any event would be 30 years instead of 10 provided in § 388-A invoked in the application, cautionary notice having been entered instead for the legal term of 120 days in favor of Jorge Luis Córdova Díaz and Frank A. Besosa. Guayama, April 14, 1961."

tion of the portion between the spouse and the naked owners—and the general causes for the extinguishment of every usufruct mentioned in § 441 of that Code, 31 L.P.R.A. § 1571, in no way preclude the cancellation sought. The cancellation of the *mention* does not imply that the *right* which may accrue to the surviving spouse is extinguished; the latter retains any action to assert his right against the obligees. It is merely a registry operation the effects of which are limited to the title of certain real property.

The existence of a cautionary notice in connection with the waiver of the *right* of the aforesaid usufruct is irrelevant when the period of 10 years has actually elapsed since the mention referred to in the Act was made. Apparently, the error consists in mistaking the effects in the Registry of the *registration* of a right of surviving spouse's usufruct for the *mention* of that same right made upon making other operations in which the registration of such usufruct was not expressly requested.

The registrar's note of April 14, 1961 is set aside and the cancellation of the mention of usufruct sought is ordered.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice.

(s) Luis Negrón Fernández
*Chief Justice*

I attest:

(s) Ignacio Rivera
*General Secretary*